| | |
|---|---|
| WILLIAM RICHARD HILLIARD, JR. ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1][1] and Petitioner's "Motion for Abeyance" [CV Doc. 2].

I. **BACKGROUND**

On January 16, 2019, Petitioner William Richard Hilliard, Jr., was charged as the only Defendant in a 42-count Bill of Indictment with 26 counts of sexual exploitation of a minor in the production of child pornography, eight counts of interstate transport of child pornography, five counts of interstate

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:22-cv-00013-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:19-cr-00003-MR-WCM-1.

travel with intent to produce child pornography; and one count each of receipt of child pornography, possession of child pornography, and transportation with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. §§ 2251(a), 2252A(a)(1), 2252A(a)(2)(A), 2252(a)(5)(B), 2423(a), and 2423(b). [CR Doc. 16: Bill of Indictment]. Petitioner pleaded guilty to one count of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) (Count Nine) and one count of possession of child pornography involving a minor under age 12 in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Forty-Two). [CR Doc. 23: Plea Agreement]. Petitioner was sentenced to a term of imprisonment of 360 months on Count Nine and a consecutive term of imprisonment of 60 months on Count Forty-Two, for a total term of imprisonment of 420 months. [CR Doc. 63 at 2: Judgment]. Judgment on Petitioner's conviction was entered on June 29, 2020. [Id.]. Petitioner did not directly appeal his conviction or sentence.

On January 12, 2022, Petitioner filed the instant pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1 at 12]. As his sole ground for relief, Petitioner argues that he received ineffective assistance of counsel because his attorney failed to file a notice of appeal "directly affecting [Petitioner's] Sixth Amendment rights." [Id. at 4]. Petitioner tacitly acknowledges that his motion to vacate is untimely and argues that equitable

tolling should apply "because petitioner spent 33 months in custody without being afforded the opportunity to view his legal work." [Id. at 10]. For relief, Petitioner asks that his right to appeal be reinstated. [Id. at 12].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction here became final for purposes of Section 2255(f) on July 13, 2020, when the 14-day period to appeal his conviction expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a

4

defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A). Petitioner, however, did not file the instant motion to vacate until January 12, 2022, eighteen (18) months after his conviction became final. Petitioner's motion, therefore, is untimely and barred by the AEDPA.

Moreover, Petitioner has not stated adequate grounds for the application of equitable tolling. To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse, 339 F.3d at 246).

Petitioner has not satisfied these rigorous standards. He argues only that he was denied "the opportunity to view his legal work" during the relevant

5

Case 1:22-cv-00013-MR   Document 3   Filed 02/07/22   Page 5 of 8

time.  Even if true, Petitioner did not require access to his "legal work" to file the instant motion to vacate.  The sole ground for relief he now claims is that his attorney failed to file a notice of appeal and the instant motion does not reflect any need for reference to legal work.[2]  As such, Petitioner fails now to show extraordinary circumstances that prevented him from filing on time. See Sosa, 364 F.3d at 512.  Petitioner also fails to demonstrate that he has been diligently pursuing his rights in any way.

Because Petitioner addressed the timeliness issue in his original motion to vacate, the Court need not provide Petitioner any additional opportunities to address this issue.  See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007).  As such, Petitioner's claim is untimely under § 2255(f) and equitable tolling does not apply.  The Court will, therefore, dismiss Petitioner's motion to vacate on initial review.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is

---

[2] Moreover, Petitioner alleges only that his attorney failed to file a notice of appeal, not that Petitioner instructed his attorney to do so.  Petitioner's plea agreement includes an appeal waiver that only excludes prosecutorial misconduct and ineffective assistance of counsel.  Thus, there would be no reason to believe counsel would file an appeal as a matter of course on the grounds articulated by Petitioner, as such was almost certainly waived.  Thus, Petitioner's motion to vacate would be dismissed in any event.  See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

6

Case 1:22-cv-00013-MR    Document 3    Filed 02/07/22    Page 6 of 8

untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Abeyance [Doc. 2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: February 4, 2022

Martin Reidinger
Chief United States District Judge